1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  JASPEL SINGH,                           No. CIV S-06-1931-FCD-CMK-P

12              Petitioner,

13        vs.                               <u>FINDINGS AND RECOMMENDATIONS</u>

14  D.K. SISTO,[1] et al.,

15              Respondents.

16  _____/

17              Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18  habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondents' motion to

19  dismiss (Doc. 5).  In their motion, respondents argue that the instant petition is untimely.

20  Petitioner filed an opposition (Doc. 7) in which he argues that he is entitled to equitable tolling.

21  Respondents have filed a reply to this argument (Doc. 12).

22  / / /

23  / / /

24  / / /

25  _____

26        [1]      Respondent Sisto's correct middle initial is "K."  The Clerk of the Court is
    directed to update the docket to reflect this correction.

                                        1

1    Petitioner pleaded guilty to voluntary manslaughter and assault with a deadly

2    weapon and was sentenced on October 7, 2002, to a determinate prison term of 13 years.

3    Petitioner did not file a direct appeal.  On March 10, 2005, petitioner filed his first habeas corpus

4    petition in state court.  That petition was denied on April 5, 2005.  Petitioner filed two more state

5    habeas petitions in 2005, both of which were denied.  Petitioner filed this federal petition on

6    August 28, 2006.  Respondents argue that, because the one-year limitations period for federal

7    habeas review expired before petitioner filed his first state court post-conviction challenge, the

8    instant action is time-barred.

9    Federal habeas corpus petitions must be filed within one year from the later of:

10   (1) the date the state court judgment became final; (2) the date on which an impediment to filing

11   created by state action is removed; (3) the date on which a constitutional right is newly-

12   recognized and made retroactive on collateral review; or (4) the date on which the factual

13   predicate of the claim could have been discovered through the exercise of due diligence.  See 28

14   U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court

15   judgment becomes final by the conclusion of direct review or expiration of the time to seek

16   direct review.  See 28 U.S.C. § 2244(d)(1).  Where direct review is sought, the one-year

17   limitations period begins running the day after expiration of the 90-day time within which to

18   seek review by the U.S. Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir.

19   2001).

20   The limitations period is tolled, however, for the time a properly filed application

21   for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be

22   "properly filed," the application must be authorized by, and in compliance with, state law.  See

23   Artuz v. Bennett, 531 U.S. 4 (2000); see also Pace v. DiGuglielmo, 544 U.S. 408 (2005)

24   (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits

25   for filing a state post-conviction petition are filing conditions and the failure to comply with

26   those time limits precludes a finding that the state petition is properly filed).  A state court

1  application for post-conviction relief is "pending"during all the time the petitioner is attempting,

2  through proper use of state court procedures, to present his claims.  See Nino v. Galaza, 183 F.3d

3  1003, 1006 (9th Cir. 1999).  Where the petitioner unreasonably delays between state court

4  applications, however, there is no tolling for that period of time.  See Carey v. Saffold, 536 U.S.

5  214 (2002).  If the state court does not explicitly deny a post-conviction application as untimely,

6  the federal court must independently determine whether there was undue delay.  See id. at 226-

7  27.

8       There is no tolling for the interval of time between post-conviction applications

9  where the petitioner is not moving to the next higher appellate level of review.  See Nino, 183

10  F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no

11  tolling for the period between different sets of post-conviction applications.  See Biggs v.

12  Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct

13  review and the filing of a state post-conviction application does not toll the limitations period.

14  See Nino, 1983 F.3d at 1006-07.

15       In this case, petitioner did not seek direct review.  The statute of limitations began

16  to run the day after the time to do so expired.  The time to seek direct review expired 60 days

17  after the October 7, 2002, sentencing date, or on December 6, 2002.  The one-year statue of

18  limitations began to run the following day and, absent tolling, expired on December 6, 2003.

19  Because petitioner did not seek state post-conviction relief until after this date, he is not entitled

20  to statutory tolling for the time his state habeas petitions were pending.

21       Petitioner argues that he is entitled to equitable tolling of the statute of limitations

22  for three reasons: (1) he is mentally impaired; (2) he cannot speak or write in English; and (3)

23  Blakely v. Washington, 542 U.S. 296 (2004), announced a new rule retroactive on collateral

24  review pursuant to 28 U.S.C. § 2244(d)(1)(C).  Because the statute of limitations under AEDPA

25  is not jurisdictional, it is subject to traditional equitable tolling principles.  See Calderon v.

26  United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other

1  grounds by <u>Calderon v. United States Dist. Ct. (Kelly)</u>, 163 F.3d 530 (9th Cir. 1998) (en banc).

2  To be entitled to equitable tolling, the petitioner must demonstrate that: (1) he has been diligent

3  in pursuing his rights; and (2) extraordinary circumstances prevented him from filing on time.

4  <u>See</u> <u>Pace</u>, 544 U.S. at 418-19.

5          In <u>Pace</u>, the Supreme Court held that equitable tolling was not applicable because

6  "petitioner's lack of diligence precludes equity's operation." <u>Id.</u> at 419.  In <u>Beeler</u>, the district

7  court granted equitable tolling and the respondent sought a writ of mandamus to reverse the

8  district court's order.  <u>See id.</u>  In denying the respondent's mandamus petition, the Ninth Circuit

9  addressed the district court's decision to grant equitable tolling as follows:

10          Having decided that [the statute of limitations] can be tolled, we
   have no basis for upsetting the district court's decision to allow Beeler
11  more time to file his petition.  The district court found that Beeler's lead
   counsel, Scott Braden, had diligently pursued the preparation of Beeler's
12  petition.  Braden, however, withdrew after accepting employment in
   another state, and much of the work product he left behind was not usable
13  by replacement counsel – a turn of events over which Beeler had no
   control.  There were thus "extraordinary circumstances" which justified
14  tolling [the] statute of limitations.  <u>Id.</u> at 1289.

15  In <u>Kelly</u>, the Ninth Circuit again denied mandamus relief and held that equitable tolling was

16  appropriate because:

17          [A]s part of its order that Kelly be mentally evaluated, the district court
   ordered "that all other aspects of this case be, and hereby are, stayed
18  pending final determination by this Court of the Petitioner's mental
   capacity to proceed."  The only reasonable reading of this order was that it
19  prohibited Kelly's attorney's from filing a habeas petition, which is how
   the district court itself construed it. . . .  This stay of the proceedings
20  prevented Kelly's counsel from filing a habeas petition and, in itself,
   justifies equitable tolling.  <u>Id.</u> at 541.

21

22  In addition, the egregious misconduct of counsel may warrant equitable tolling.  <u>See</u> <u>Spitsyn v.</u>

23  <u>Moore</u>, 345 F.3d 796 (9th Cir. 2003).  Mental incompetence may also warrant equitable tolling

24  for the period the prisoner was incompetent if he can show that the incompetency in fact caused

25  the filing delay.  <u>See</u> <u>Laws v. Lamarque</u>, 351 F.3d 919 (9th Cir. 2003).  The Ninth Circuit has

26  concluded, however, that equitable tolling is not appropriate based on the ordinary negligence of

4

1   counsel.  See Frye v. Hickman, 273 F.3d 1144 (9th Cir. 2001).

2        As to petitioner's mental impairment, petitioner is not entitled to equitable tolling

3   because he has not demonstrated how the impairment prevented him from filing his petition

4   sooner.  Similarly, as to petitioner's lack of understanding of the English language, he has not

5   demonstrated that it caused the delay.  In fact, as respondents note, petitioner has been able to

6   comply with this court's orders and has filed numerous state court habeas petitions

7   notwithstanding his language difficulties.  Thus, it has not been shown on the current record that

8   petitioner's lack of understanding of the English language caused him to miss the AEDPA filing

9   deadline.

10        Finally, as to petitioner's assertion that Blakely v. Washington, announces a new

11   retroactive rule, the Ninth Circuit has concluded that Blakely does not apply retroactively.  See

12   United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005).  Therefore, 28 U.S.C. § 2244(d)(1)(C),

13   under which the one-year clock begins to run on the date a new constitutional right retroactive

14   on collateral review has been recognized by the Supreme Court, does not help petitioner.

15   Moreover, because petitioner pleaded guilty and thereby admitted all the facts relevant in

16   imposing sentence, Blakely and its progenitor Apprendi v. New Jersey, 530 U.S. 466 (2000),

17   simply do not apply.

18        Because the one-year limitations period expired before petitioner filed any of his

19   state post-conviction petitions, and because petitioner has not demonstrated that he is entitled to

20   equitable tolling, the court agrees with respondents that the instant petition is untimely.

21        Based on the foregoing, the undersigned recommends that respondents' motion to

22   dismiss be granted, that this petition be dismissed, and that the Clerk of the Court be directed to

23   enter judgment and close this file.

24   / / /

25   / / /

26   / / /

1    These findings and recommendations are submitted to the United States District

2    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

3    after being served with these findings and recommendations, any party may file written

4    objections with the court.  The document should be captioned "Objections to Magistrate Judge's

5    Findings and Recommendations."  Failure to file objections within the specified time may waive

6    the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

7

8    DATED:   February 27, 2007.

9

10                                                    _____
                                                      CRAIG M. KELLISON
11                                                    UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26